MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

This case arises from the Government's failure to remit $49.6 million in duly earned federal contract payments to Blanchard's Contracting LLC, despite the government's receipt and benefit of services. These funds were fraudulently redirected through a compromised SAM.gov registration to an unauthorized third-party account. The diversion violates mandatory federal statutes, controlling Supreme Court precedent, and multiple constitutional protections, including the Takings Clause, Due Process Clause, and the Fourth Amendment.

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted when "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *In Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986), the Supreme Court emphasized that summary judgment is proper where the opposing party fails to make a showing sufficient to establish the existence of an element essential to their case. Here, the government has failed to identify any factual or legal basis to retain diverted funds owed to Plaintiff, thus satisfying the Celotex standard.*

III. LEGAL ARGUMENT

A. *The United States Code Mandates Restitution for Misdirected Federal Payments*

*Under 31 U.S.C. § 3702(a), the United States must settle and pay claims involving erroneous disbursements. Similarly, 31 U.S.C. § 3332(b) mandates electronic payment through registered SAM entities, and 31 C.F.R. § 210.10(a) requires that the paying agency "must promptly initiate a reclamation" upon discovering a misdirected payment.*

*These duties are non-discretionary. Failure to act violates statutory mandates.*

*"The Government may not with impunity ignore its own rules." – United States v. Caceres, 440 U.S. 741, 752 (1979).*

*In United States v. Winstar Corp., 518 U.S. 839 (1996), the Court reaffirmed the government's binding obligation to honor contractually promised payments.*

*B. Fifth Amendment Requires Just Compensation for Accepted Services*

*The government's retention of benefits from contract performance without compensation is a "taking" under the Fifth Amendment.*

*In Lynch v. United States, 292 U.S. 571 (1934), the Court held that contractual rights are protected property under the Fifth Amendment and cannot be taken without just compensation. United States v. Great Falls Mfg. Co., 112 U.S. 645 (1884), established that even when the government benefits from a contractor's work without formal condemnation, compensation is constitutionally mandated. Armstrong v. United States, 364 U.S. 40 (1960), reinforced that the Takings Clause prohibits shifting public burdens onto private parties. Horne v. Department of Agriculture, 576 U.S. 350 (2015), expanded this protection to personal property — which includes earned federal contract payments. These cases collectively confirm that the $49.6 million withheld from Plaintiff constitutes a compensable taking.*

*C. Failure to Act Violates the Administrative Procedure Act and Constitutional Due Process*

*Under 5 U.S.C. § 706(1), courts are empowered to compel agency action "unlawfully withheld or unreasonably delayed."*

*Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004); Goldberg v. Kelly, 397 U.S. 254 (1970); Mathews v. Eldridge, 424 U.S. 319 (1976).*

3

D. Fourth Amendment: Unauthorized Seizure of Tax Identity

The government's acceptance and processing of IRS Forms 940/941 under Plaintiff's EIN without authorization violates the Fourth Amendment.
*Camara v. Municipal Court, 387 U.S. 523 (1967), clarified that administrative actions that intrude on protected privacy or property rights must meet constitutional standards. United States v. Jacobsen, 466 U.S. 109 (1984), held that government agents violate the Fourth Amendment when they seize property without proper authority or legal basis.* The IRS's acceptance and use of IRS Forms 940/941 submitted under Plaintiff's EIN—without consent, POA, or legal authority—constitutes an unreasonable seizure of Plaintiff's tax identity and business records, falling squarely under these precedents.

E. Fourteenth Amendment and Incorporation

The protections of the Fourth and Fifth Amendments apply to federal contractors via the Fourteenth Amendment. *See Bolling v. Sharpe, 347 U.S. 497 (1954), where the Supreme Court held that the Due Process Clause of the Fifth Amendment imposes substantive restrictions on federal government action. This decision, though addressing school segregation, forms the constitutional basis for applying Fourth and Fifth Amendment protections to all federal actors—including contracting agencies. As such, Plaintiff is entitled to the same due process protections against arbitrary deprivation of property or identity.*

IV. REMEDY IS REQUIRED AS A MATTER OF LAW

*The government must: reclaim the diverted funds under 31 C.F.R. § 210.10; settle and pay the claim under 31 U.S.C. § 3702; issue just compensation under the Takings Clause; and provide due process under the APA and Constitution.*

Plaintiff Quentin W. Blanchard is the President of Blanchard's Contracting LLC, a registered federal contractor (UEI: NM1HCYC6M6T7).

From 2012–2018, Plaintiff was awarded contracts totaling $49.6M.

Plaintiff did not authorize any third-party Assignment of Claims.

Treasury FOIA Case 2025-FSF-00489 confirms diverted payments.

The diverted funds were routed to a SunTrust account not controlled by Plaintiff.

IRS Forms 940/941 were filed under Plaintiff's EIN without authority.

The IRS and GSA received multiple formal notices but failed to act.

*Under 31 U.S.C. § 3702 and § 3332, GSA has a non-discretionary duty to recover and reissue misdirected payments.* These federal statutes impose mandatory, non-discretionary duties on agencies to correct misdirected payments. *31 U.S.C. § 3702 mandates that 'Claims for payment of amounts the Government owes are to be settled and paid.' Likewise, 31 C.F.R. § 210.10 states,* 'If a misdirected payment is made, the federal agency must promptly initiate a reclamation.' GSA's failure to execute this statutory reclamation despite FOIA-confirmed evidence of diversion is unlawful.

Plaintiff completed contract work for which the United States received full benefit and issued corresponding federal contract awards.

Plaintiff seeks restitution, declaratory relief, and interest. The Constitution does not tolerate the involuntary forfeiture of earned federal contract income due to government inaction or failure to safeguard its own payment systems. The government's benefit without compensation is a taking under Lynch and Great Falls, and redress is not optional — it is constitutionally required.

CERTIFICATE OF SERVICE

I certify that on May 30, 2025, a true and correct copy of the foregoing Motion for Summary Judgment and supporting documents was served via U.S. Mail, first-class postage prepaid, to:

General Services Administration
Office of General Counsel
1800 F Street NW
Washington, DC 20405

Quentin W. Blanchard